**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND NORTHERN DIVISION**

| | | |
|---|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., *et al.*, | ) | |
| Plaintiffs, | ) | Civil Action No. WDQ-12-613 |
| v. | ) | |
| CAREFIRST, INC., *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CAREFIRST, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant CareFirst, Inc. ("CareFirst") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). In order to reduce the burden on the Court, where possible CareFirst incorporates by reference portions of the Memorandum Of Law In Support Of The IBC Defendants' Motion To Dismiss Plaintiffs' First Amended Complaint ("IBC's Memo of Law"), which was filed on March 2, 2012. Docket Entry ("DE") 8-1.

**INTRODUCTION**

Plaintiff Feldman's Medical Center Pharmacy, Inc. ("Feldman's") has now sued CareFirst not once, not twice, but three times for claims arising out of the same operative core of facts. Thus, this is a story that need not be written on a blank slate. Rather, the Court will have the advantage of opinions issued by the Hon. Susan Gauvey K. Gauvey, Magistrate Judge of this Court, who presides over *Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.*, Civil Action No. 1:10-cv-00254-SKG ("*Feldman's I*") and the Hon. Joel H. Slomsky, Judge of the U.S.

District Court for the Eastern District of Pennsylvania. The Hon. Slomsky was the trial judge in *Templin, et al. v. Independence BlueCross, et al.*, Civil Action No. 09-4092 ("*Templin*").

*Feldman's I* and *Templin* were both cases based on allegedly improper withholding of payments for Factor VIII claims. All of those claims were governed by the Employee Income Retirement Security Act of 1974 (29 U.S.C. §§ *et seq.*) ("ERISA"). Those claims are the only ones that form the basis of the instant action.

As explained more fully below, this means that the case action is fatally flawed for at least three reasons. First, because all of Plaintiffs' allegations center on how ERISA benefits were administered, the carefully crafted remedial scheme of ERISA preempts the instant lawsuit. In short, Plaintiffs have already received whatever it is they are entitled to, even if all of their allegations against Defendants are taken at face value.

Second, all of the allegations in the instant action were brought or could have been brought by Plaintiffs in *Feldman's I* and *Templin.* Those cases have been adjudicated on their merits and final decisions rendered. Those decisions, along with the necessary findings made by the respective trial courts, bar the instant action under the doctrine of *res judicata.*

Third, the pleadings and other documents filed in those earlier cases, which this Court may rely on in deciding a Rule 12(b)(6) motion, Plaintiffs are well past the limitations period for four of the five actual causes of action (Counts I-IV). The fifth actual cause of action (Count VI) is barred by the express terms of Maryland's anti-trust law. The remaining count, Count V, does not state an independent cause of action recognized under Maryland law.

The matter should be dismissed with prejudice because these flaws are insurmountable.

## FACTS

CareFirst incorporates herein by reference the section from IBC's Memo Of Law entitled "**II. RELEVANT BACKGROUND**." DE 8-1 at 2. Because CareFirst is named in certain causes of action in which the IBC Defendants are not named, CareFirst will briefly supplement their discussion of the background facts.

The following facts are pertinent to the instant motion to dismiss. As required by the current procedural posture, they are drawn only from the pleadings (which at the moment consists only of the First Amended Complaint ("FAC")) as well as those sources which the Court may rely on without converting the instant motion to one under Rule 56.[1, 2]

Feldman's pharmacy has operated as a Maryland care provider since the 1970's. DE 2 ¶ 69.[3] For decades, Feldman's experienced no problems in obtaining payments for services provided to customers insured by CareFirst. *Id.* Beginning in late 2007, Feldman's began to experience problems with its payments for Factor VIII claims. *Templin* DE 1-6 at 1 (attached hereto as Ex. 1). According to Feldman's, this problem continued to grow throughout 2008. *Id.*

---

[1] The Court may consider information contained in the filings of other federal actions, particularly actions which are related to the instant one. *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 759 F. Supp. 2d 822 (E.D. La. 2010). Other than the allegations in the FAC, CareFirst is relying only on matters contained in *Templin* and *Feldman's I.* The Court may also consider these materials because Plaintiffs' FAC necessarily relies on them. *Scott v. Am. Nat'l Red Cross*, No. 05-1284, 2005 U.S. Dist. LEXIS 23189, at *11-12 (D. Md. Oct. 11, 2005)

[2] To the extent CareFirst cites to any purported facts contained in the FAC, CareFirst assumes those facts to be accurate only for the purposes of the instant Motion. CareFirst notes that many of those "facts" are demonstrably false as demonstrated by judicial opinions from the *Feldman's I* and *Templin* matters.

[3] References to docket entries from the instant case are cited herein as "DE __." As they are introduced for the first time, docket entries from *Templin* and *Feldman's I* are cited respectively as "*Templin* DE __" and "*Feldman's I* DE __." For the Court's convenience, copies of certain of these documents as they appear on PACER are attached hereto as exhibits, and subsequent citations refer to the appropriate Exhibit number.

In both the *Templin* and *Feldman's I* pleadings, Feldman's included charts showing the delinquent payments. By the end of October 2008, Feldman's had accumulated receivables of over $900,000 attributable to Factor VIII alone. *Feldman's I* DE 2-2 (the relevant portion of which is attached hereto as Ex. 2), *Templin* DE 1-4 (attached hereto as Ex. 3). Many of those amounts were months past due. *Id*; *see also* Ex. 1 (stating that as of February 12, 2009 "the majority of the claims have been outstanding for more than six months....") That figure doubled Feldman's receivables from all lines of drugs as of January of the same year. DE 2 ¶ 252.

Feldman's lays the blame for the situation on a concerted effort by CareFirst and others to deprive Feldman's of payments due. In the FAC, Feldman's asserts (as it did in *Feldman's I*) that the Factor VIII claims were the subject of a contract with CareFirst. *Id.* ¶¶ 204, 205, 211, 212. These claims echo those asserted by Feldman's in prior litigation.

On June 1, 2009, Feldman's sued CareFirst for payment of certain claims. *Feldman's I* DE 2. CareFirst removed the case to this Court. *Id.* DE 1. Feldman's sought a remand which this Court denied, finding that to the extent Feldman's was suing as an assignee of its patients ERISA rights, ERISA completely preempted the claims. *Feldman's Med. Ctr Pharmacy, Inc. v. CareFirst, Inc.*, 723 F. Supp. 2d 814, 819-21 (D. Md. 2010).

By July 13, 2009, discovery had already begun. *Feldman's I* DE 1-2. On at least three occasions, Feldman's resisted any attempt to limit the scope of discovery. *Id.* DE 59, 65, 68. Discovery continued for over a year. *Id.* (Marginal Order granting joint request to amend Scheduling Order.) That discovery included the depositions of Jaime Hanson on March 8, 2010 (*id.* DE 161-10 at 1-2) and Kandyce Cowart, an investigator from BlueCross BlueShield of Louisiana, as well as representatives from IBC and BlueCross BlueShield Association. *Id.* DE

85 at 3-4. The parties completed discovery by December 22, 2010. *Id.* DE 90 at 2; *see also* DE 92 (Joint Status Report noting that "parties have completed non-expert discovery….")

In the course of *Feldman's I*, this Court made several important rulings. First, it found that there are no triable issues regarding certain facts concerning the relationship between CareFirst and Feldman's. *Feldman's Med. Ctr Pharmacy, Inc. v. CareFirst, Inc.*. __ F. Supp. 2d __, 2011 WL 5433754, Civil No. SKG-10-254 (D. Md. Nov. 9, 2011). Specifically, this Court held that CareFirst's initial refusal to pay the claims at issue resulted from "legitimate confusion, on both sides" and that "there [was] no clear basis in fact that CareFirst's position was frivolous or ill-motivated…." *Id.* at *17. This Court also noted that state agencies were confused about whether Feldman's required a specific type of Maryland license known as a Residential Services Agency license ("RSA"). *Id.*. (As explained below, whether the Court accepts Plaintiff's (demonstrably false) allegations of CareFirst's ill intent, or instead relies on the prior ruling, the Court should dismiss this case with prejudice under Rule 12(b)(6).)

Next, with regard to the contract that Feldman's relies on (*see* DE 2 ¶¶ 204, 205, 211), this Court held that Feldman's "is not, as a matter of law, a participating provider" with CareFirst "with respect to" Factor VIII. *Feldman's Med. Ctr Pharmacy*, 2011 WL 5433754 at *11. Rather, the rights to those payments belonged in the first instance to individuals whom CareFirst insured and whose insurance plans were governed by ERISA. Feldman's was an assignee and stood in the shoes of those individuals. *Id.* at *13. Feldman's has also filed a motion to recover approximately $1.2 million in attorneys' fees. *Feldman's I* DE 157 (filed under seal). In that motion, Feldman's relies solely on ERISA as its basis for recovering fees. *Id.*; *see also id.* DE 171 at 6 (noting that Feldman's is seeking "an award of attorneys' fees under ERISA….").

In the *Templin* matter, Feldman's sought payment of other claims. *Templin* DE 1. The *Templin* matter also differs from *Feldman's I* because it also names Independence Blue Cross ("IBC") and QCC Insurance Company ("QCC") as defendants. *Id.* In *Templin*, Feldman's ultimately relied solely on ERISA as its grounds for recovery. *Templin* DE 16 ¶¶ 28-38 (First Amended Complaint asserting only ERISA causes of action). Feldman's is also seeking approximately $502,000 in attorneys' fees against IBC and QCC in *Templin*, and again bases that recovery solely on ERISA. *Id.* DE 95.

On December 29, 2011, Feldman's and its parent company, Pharmacy Management Associates, LLC (collectively referred to as "Feldman's") commenced the instant action.

**ARGUMENT**

In the following section, CareFirst supplements IBC's Memo Of Law in order to address allegations specific to CareFirst.

I. STANDARD FOR RULE 12(b)(6) MOTION

It well settled that a complaint containing allegations that rise only to the level of speculation cannot survive a motion to dismiss. *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011). Furthermore, when evidence that the Court may consider in ruling on a 12(b)(6) motion contradicts a conclusory allegation in a complaint, the Court should disregard the allegation. *Griffin Indus. Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007). Feldman's FAC has insurmountable problems that warrant dismissal with prejudice.

II. ERISA PREEMPTS THE INSTANT ACTION

CareFirst incorporates herein by reference the section from IBC's Memo Of Law entitled "**III.A. ERISA Forecloses Each of Plaintiffs' Purported Claims**." DE 8-1 at 10-16.

As the IBC Defendants explain, the instant lawsuit by Feldman's is nothing more than a naked attempt by a non-contracted provider to evade ERISA's carefully designed enforcement scheme. Time and again, federal courts have seen through similar canards and dismissed cases at the 12(b)(6) stage. This Court should do the same here.

III. THE DOCTRINE OF RES JUDICATA BARS THE INSTANT ACTION

A. Federal Law Controls The Question Of *Res Judicata* And Supports Application Of The Doctrine In A Rule 12(b)(6) Motion

IBC's Memo Of Law correctly uses the federal law on *res judicata* because when considering that question, the law of the forum that rendered the previous decision controls. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1309 (11th Cir. 2006). Here, both *Templin* and *Feldman's I* were federal court cases, so the federal law on *res judicata* controls.

The defense of *res judicata* can properly be raised in a Rule 12(b)(6) motion to dismiss. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). The Fourth Circuit has consistently upheld the dismissal of a case on *res judicata* grounds at this early procedural stage. *See*, *e.g.*, *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161-63 (4th Cir. 2008).

B. The Entire Action Is Barred Because All Of Plaintiffs' Claims Were Brought Or Could Have Been Brought In The Prior Cases

CareFirst incorporates herein by reference the section from IBC's Memo Of Law entitled "**III.B. Plaintiffs' Claims are Precluded by *Res Judicata*.**" DE 8-1 at 16-21. CareFirst only wishes to point out that the arguments made by the IBC Defendants apply doubly to CareFirst because it has been sued by Feldman's not once, *but twice*.

C. Prior Findings In *Feldman's I* Prohibit Plaintiffs From Being Able To Satisfy All The Required Elements Under Counts I, III And IV

The fact that Feldman's *could have* brought (and for the most part did bring) the very same claims in the prior lawsuits is not the only way in which *res judicata* acts as a bar to the instant suit. Specific findings from *Feldman's I* also trigger the doctrine as to CareFirst.

Counts I, III and IV are all Maryland common law counts. Each requires a finding that a defendant intentionally or purposefully acted in an improper manner. In sum:

- Count I requires a finding that defendant's conduct was "done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants, *which constitutes malice....*" *Blondell v. Littlepage*, 413 Md. 96, 991 A.2d 80 (2010) (emphasis added);
- Count II requires a finding that a "misrepresentation was *made for the purpose of defrauding* the plaintiff...." *Goldstein v. Miles*, 159 Md. App. 403, 437, 859 A.2d 313 (2004) (emphasis added); and
- Count IV requires a finding that defendant engaged in "'*fraud, deceit, trickery or unfair methods....*'" *Cavalier Mobile Homes, Inc. v. Liberty Mobile Homes, Inc.*, 454 A.2d 367, 374 (Md. 1983), *quoting Baltimore Bedding Corp. v. Moses*, 182 Md. 229, 237, 34 A.2d 338 (1943) (emphasis added).

This Court has already ruled on the allegations that CareFirst intentionally or purposefully acted in an improper manner *vis-à-vis* Feldman's. The Court found that CareFirst's refusal to pay the claims at issue resulted from "legitimate confusion, on both sides" and that

"there [was] no clear basis in fact that CareFirst's position was frivolous or ill-motivated...." *Feldman's Med. Ctr Pharmacy, Inc.*, __ F. Supp. 2d __, 2011 WL 5433754, at *17.[4]

## IV. THE STATUTES OF LIMITATIONS BAR COUNTS I-IV

### A. The Statute Of Limitations Started Running When Feldman's Knew Or Was Put On Inquiry Notice Of A Cause Of Action

This Court has laid out Maryland's law on the accrual of the applicable statute of limitations as follows:

> "A cause of action "accrues" when the plaintiff had actual knowledge of the wrong or an "awareness implied from a knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry" of the wrong. See Poffenberger v. Risser, 290 Md. 631, 635–37, 431 A.2d 677 (1981). This standard, also known as the "discovery rule," is satisfied when: (1) the plaintiff had knowledge of circumstances that would have led a reasonable person in the same circumstances to undertake an investigation; and (2) the investigation, if pursued with reasonable diligence, would have led to knowledge of the alleged wrong."

*Fischer v. Viacom Inter. Inc.*, 115 F. Supp. 2d 535, 539 (D. Md. 2000) (Motz, J.) (applying Maryland law). When it is clear that the plaintiff has not filed suit within the limitations period, the question becomes one of law. *Id.*

### B. For Each Instance Of Defamation Alleged In Count II, The One Year Statute Of Limitations Accrued More Than One Year Prior To Filing Of The Instant Suit

Maryland has a one year statute of limitations for defamation actions. *Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682 (D. Md. 2004) (applying Courts & Judicial Proceedings § 5-105 to defamation action).

---

[4] The fact that Feldman's has or intends to appeal any decision from *Feldman's I* or *Templin* is irrelevant to the question of whether res judicata bars the instant suit. *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1496 (D.C. Cir. 1983).

Feldman's alleges that CareFirst and/or Defendant BlueCross BlueShield Association ("BCBSA") uttered multiple defamatory statements. *See, e.g.*, DE 2 ¶¶ 298, 300, 302. The statements to which Feldman's can put a date were all made in 2009. Documents submitted to this Court in *Feldman's I* demonstrate that the undated statements – allegedly defamatory statements to patients – must have been made prior to March 8, 2010. Ms. Hanson, then a CareFirst employee, testified about those conversations on that date. *Templin I* DE 150 at 27.

Feldman's first sued CareFirst on June 1, 2009. *Feldman's I* DE 2 at 12. Feldman's began serving discovery no later than July 13, 2009. *Id.* DE 1-2 at 4. Feldman's insisted on broad-ranging discovery. *See, e.g., id.* DE 59, 65, 68. Feldman's took the deposition of Jaime Hanson, who at the time worked in CareFirst's Special Investigation Unit. *Id.* DE 161-10 at 1-2. Feldman's alleges that Ms. Hanson was at the center of the investigation into Feldman's. DE 2, ¶¶ 298- 306. Feldman's also deposed representatives from IBC, BCBSA and BlueCross BlueShield of Louisiana. *Feldman's I* DE 85 at 3-4. As non-expert discovery closed in *Feldman's I* by December 22, 2010 (*see id.* DE 90 at 2), those depositions obviously occurred before that date.

As the U.S. Supreme Court has explained, the Court should dismiss any claim that presents a merely speculative, as opposed to plausible, grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Not only is it not plausible, but it exceeds the bounds of logic to believe that Feldman's defamation claim was filed within the statute of limitations. To reach that conclusion, one would need to assume that at no point prior to December 29, 2010 (one year prior to the date the instant suit was filed) did Feldman's have the knowledge of facts that "would have led a reasonable person in the same circumstances to undertake an investigation…" that "would have led" (and in

fact in this case probably did lead) "to the knowledge of the alleged" defamatory statements. *See Fischer*, 115 F. Supp. 2d at 539. Therefore, the Court should dismiss Count II.

C. Maryland's Three-Year General Statute Of Limitations Bars Counts I, III, And IV

Maryland's has a three-year general statute of limitations bars Counts I, III and IV. Md Code Ann., Cts. & Jud. Proc. § 5-105. Therefore, to maintain any of the other common law causes of action, Feldman's would need to show that the statute of limitations did not accrue under Maryland law before December 30, 2008. That Feldman's cannot do. Feldman's judicial admissions debunk any assertion to the contrary.

Plaintiffs acknowledge that as of January 2008, all of its receivables (from all payers and for all products) amounted to $430,000. DE 2 ¶ 252. According to Feldman's pleadings in *Templin* and *Feldman's I* show that by October 31, 2008, Feldman's receivables *just* for Factor VIII payments from *just three payers*, IBC, QCC and CareFirst, totaled *over $900,000.* Exs. 2 and 3. Defendants also demand that Feldman's obtain an RSA. DE 2 ¶ 217. According to Feldman's, that demand was frivolous and never should have been made. *Id.* ¶¶ 217-221.

In other words, in less than a year, Feldman's receivables from all payers for all lines of business were dwarfed by its receivables from three insurance companies (two of which were located out of state) for one single product. Feldman's thus had an "awareness implied from a knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry" of the wrong. *See Fischer*, 115 F. Supp. 2d at 539. In the parlance of Maryland's discovery rule, Feldman's "had knowledge of circumstances that would have led a reasonable person in the same circumstances to undertake an investigation; and (2) the investigation, if pursued with reasonable diligence, would have led to knowledge of the alleged wrong." *Id.*

V. PLAINTIFFS CANNOT BRING AN ACTION UNDER MARYLAND'S ANTI-TRUST LAW UNDER THE FACTS OF THIS CASE

CareFirst incorporates herein by reference the section from IBC's Memo Of Law entitled "**III.C.1. Maryland Antitrust Act.**" DE 8-1 at 21-26. In particular, CareFirst would like to reiterate that insurance activities are facially exempt from Md. Com. Law Code Ann. § 11-204.

VI. COUNT V IS NOT AN INDEPENDENT TORT

CareFirst incorporates herein by reference the section from IBC's Memo Of Law entitled "**III.C.4. Civil Conspiracy.**" DE 8-1 at 31. *See, also, Alexander & Alexander, Inc. v. Evander & Assoc., Inc.*, 650 A.2d 260 n.8 (1994).

VII. COUNTS I AND IV FAIL UNDER SUBSTANTIVE MARYLAND LAW

CareFirst incorporates herein by reference the section from IBC's Memo Of Law entitled "**III.C.2. Intentional Interference with Economic Relations**" and "**III.C.3. Unfair Competition.**" DE 8-1 at 26-31. For the reasons stated therein, Feldman's claims under Counts I and IV fail to state causes of action upon which relief can be granted.

**CONCLUSION**

For the foregoing reasons, CareFirst respectfully requests that the Court dismiss the First Amended Complaint with prejudice.

March 5, 2012

Respectfully submitted,
/s/
Patrick P. de Gravelles, Bar No. 29245
CareFirst BlueCross BlueShield
Litigation General Counsel
840 First St., NE
DC12-08
Washington, DC 20065
202-680-7457 (voice)
202-680-7620 (fax)
*Attorney for Defendant CareFirst, Inc.*