LAW OFFICES OF

# BAROODY & O'TOOLE

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

writer's direct dial number is
410-539-8413

March 14, 2012

**VIA ELECTRONIC FILING**

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

    Re:    Feldman's Medical Center Pharmacy, Inc., et al. v. CareFirst, Inc., et al.,
             Civil Action No. 1:12-cv-00613-WDQ

Dear Judge Quarles:

    We represent Plaintiffs Feldman's Medical Center Pharmacy, Inc. and Pharmacy Management Associates, LLC. I write today to request the Court's assistance in scheduling the various motions that have recently been filed in this case.

    On January 18, 2012, Plaintiffs filed their First Amended Complaint (the "Complaint") in the Circuit Court for Baltimore City (the "State Court"). The Complaint asserted causes of action for intentional interference with Plaintiffs' economic relations, defamation, fraud, unfair competition, conspiracy, and violation of Maryland's Antitrust Act. No ERISA causes of action were asserted.

    Defendants Independence Blue Cross and QCC Insurance Company (the "IBC Defendants") were served with the Complaint on January 26, 2012. Defendant CareFirst, Inc. was served with the Complaint on February 2, 2012. Defendant Blue Cross and Blue Shield Association (the "BCBSA") was served with the Complaint on February 9, 2012, delayed only because of an issue with BCBSA's registered agent. In Defendants' Joint Response to the Court's Standing Order Concerning Removal (Docket No. 23), BCBSA asserts that it was served with a copy of the summons and complaint on February 27, 2012. Attached as Exhibit A, however, is a copy of the docket for the State Court showing that BCBSA was served with a Writ of Summons on February 9, 2012.

The IBC Defendants removed the case to this Court on February 24, 2012 and moved to dismiss the Complaint on March 2, 2012. CareFirst joined in the removal on March 5, 2012 and moved to dismiss the Complaint that same day. BCBSA joined in the removal on March 6, 2012, but has not yet moved to dismiss or filed a responsive pleading. By our calculation, Plaintiffs are due to respond to the IBC Defendants' motion to dismiss by March 19, 2012; to CareFirst's motion to dismiss by March 22, 2012; and if BCBSA files a motion to dismiss, to respond to any such motion within 21 days (plus three additional days unless service is made by hand) from the date it is filed.

Pursuant to 28 U.S.C. § 1447(c), our clients have 30 days from the date of the removal to move the Court to remand the case on the basis of any defect in the removal, and may move at any time prior to final judgment for remand based on this Court's lack of subject matter jurisdiction over the case. Plaintiffs intend to move as soon as possible to remand the case to the State Court based on this Court's lack of subject matter jurisdiction (including for reasons contained in the Court's Memorandum Opinion in connection with removal and remand in Civil Action No. 1:10-cv-00254-WDQ (Docket No. 53)).

Given that there is a dispute about whether this Court has subject matter jurisdiction over the case, we request that in the interest of judicial economy and potential prejudice and expense to Plaintiffs, the Court hold the various motions to dismiss in abeyance until such time as the Court determines whether it has jurisdiction to hear this case. If the Court determines it does not have jurisdiction over the case, the Court will never need to consider the motions to dismiss.

In the event that the Court is unwilling to hold the motions to dismiss in abeyance, Plaintiffs request a conference to set a schedule for Responses and Replies to the various motions to dismiss. Plaintiffs should not be required to respond to a different motion to dismiss every few days, but request one due date for responses to all motions to dismiss in the event the Court does not accede to Plaintiffs' request for an abeyance on the motions to dismiss.

We have reached out to counsel for the various Defendants to request their consent to the abeyance and the scheduling of the responses to the motions to dismiss. Counsel for CareFirst acknowledged receipt of our request but did not respond substantively to the request. Counsel for the IBC Defendants would not consent to hold the motion to dismiss in abeyance, but did agree, subject to confirmation, to coordinate the schedule for Plaintiffs' response to the various motions to dismiss. No specific dates were discussed. We did not solicit the consent of BCBSA because BCBSA has not filed a motion to dismiss.

Hon. William D. Quarles
United States District Judge
March 13, 2012
Page 3

      We respectfully request that the Court immediately convene a conference call to discuss the scheduling issues raised in this letter.

      We thank the Court for its courtesies.

                          Respectfully,

                          Thomas O'Toole

cc:    Patrick de Gravelles, Esq. (via email)
       Elizabeth S. Walden, Esq. (via email)
       Catherine A. Bledsoe, Esq. (via email)
       Jorge V. Cazares, Esq. (via email)

Circuit Court of Maryland

Go Back

## Case Information

Court System: **Circuit Court for Baltimore City - Civil System**
Case Number: **24C11008977**
Title: **Feldman's Medical Center Pharmacy, Inc., et al vs Carefirst, Inc, et al**
Case Type: **Other Civil**   Filing Date: **12/29/2011**
Case Status: **Closed/Active**
Case Disposition: **Removal**   Disposition Date: **02/24/2012**

## Plaintiff/Petitioner Information

*(Each Plaintiff/Petitioner is displayed below)*
Party Type: **Plaintiff**   Party No.: **1**
Business or Organization Name: **Feldman's Medical Center Pharmacy, Inc.**

*Attorney(s) for the Plaintiff/Petitioner*
Name: **O'Toole, Esq, Thomas**
Practice Name: **Baroody & O'Toole**
Address: **201 N. Charles Street**
**Suite 2102**
City: **Baltimore**   State: **MD**   Zip Code: **21201**

Party Type: **Plaintiff**   Party No.: **2**
Business or Organization Name: **Pharmacy Management Associates, LLC**

*Attorney(s) for the Plaintiff/Petitioner*
Name: **O'Toole, Esq, Thomas**
Practice Name: **Baroody & O'Toole**
Address: **201 N. Charles Street**
**Suite 2102**
City: **Baltimore**   State: **MD**   Zip Code: **21201**

## Defendant/Respondent Information

*(Each Defendant/Respondent is displayed below)*
Party Type: **Defendant**   Party No.: **3**
Business or Organization Name: **QCC Insurance Company**
Address: **1333 Chestnut Street**
City: **Philadelphia**   State: **PA**   Zip Code: **19107**

Party Type: **Defendant**   Party No.: **1**
Business or Organization Name: **Carefirst, Inc**
Address: **1501 South Clinton Street**
City: **Baltimore**   State: **MD**   Zip Code: **21224**

Party Type: **Defendant**   Party No.: **2**
Business or Organization Name: **Independence Blue Cross**
Address: **1901 Market Street**
City: **Philadelphia**   State: **PA**   Zip Code: **19103**

Party Type: **Defendant**   Party No.: **4**
Business or Organization Name: **The Blue Cross Blue Shield Association**
Address: **704 Security Boulevard**
City: **Baltimore**   State: **MD**   Zip Code: **21207**

Party Type: **Defendant**   Party No.: **5**
Name: **John Does 1-10**

Party Type: **Defendant**   Party No.: **6**
Business or Organization Name: **BCBSA**

## Document Tracking

*(Each Document listed. Documents are listed in Document No./Sequence No. order)*

Doc No./Seq No.: **1/0**
File Date: **12/29/2011**   Close Date: **02/24/2012**   Decision:
Party Type: **Plaintiff**   Party No.: **1**
Document Name: **Complaint With Demsnd For Jury Trial**
Filed by PLT001-Feldman's Medical Center Pharmacy, Inc., PLT002-Pharmacy Management Associates, LLC

Doc No./Seq No.: **2/0**
File Date: **01/25/2012**   Close Date: **02/24/2012**   Decision:
Party Type: **Plaintiff**   Party No.: **1**
Document Name: **First Amended Complaint And Jury Trial Demanded**

Doc No./Seq No.: **3/0**
File Date: **02/07/2012**   Close Date: **02/15/2012**   Decision:
Party Type: **Defendant**   Party No.: **3**
Document Name: **Return of Service - Served**
WRIT OF SUMMONS (Private Process) served 01/26/12

Doc No./Seq No.: **4/0**
File Date: **02/07/2012**   Close Date: **02/15/2012**   Decision:
Party Type: **Defendant**   Party No.: **2**
Document Name: **Return of Service - Served**
WRIT OF SUMMONS (Private Process) served 01/26/12

Doc No./Seq No.: **5/0**
File Date: **02/13/2012**   Close Date: **02/22/2012**   Decision:
Party Type: **Defendant**   Party No.: **1**
Document Name: **Return of Service - Served**
WRIT OF SUMMONS (Private Process) served 02/02/12

Doc No./Seq No.: **6/0**
    File Date: **02/24/2012**  Close Date: **02/24/2012**  Decision:
    Party Type: **Defendant**  Party No.: **3**
Document Name: **Notice of Removal**

---

Doc No./Seq No.: **7/0**
    File Date: **02/17/2012**  Close Date: **02/29/2012**  Decision:
    Party Type: **Defendant**  Party No.: **4**
Document Name: **Return of Service - Served**
        **WRIT OF SUMMONS (Private Process) served 02/09/12**

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland rules 16-1001 through 16-1011, or because of the practical difficulties inherent in reducing a case record into an electronic format.*